**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | | |
|---|---|---|
| Keaston Dahja Kinard, | ) | Civil Action No. 8:19-3562-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sgt. N. Bartee, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") recommending that this action be dismissed pursuant to Rule 41(b). (Dkt. No. 71.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's claims with prejudice.

**I.    Background**

Plaintiff Keaston Kinard is an incarcerated person proceeding *pro se* to allege pursuant to 42 U.S.C. § 1983 that Defendant violated his civil rights. (Dkt. No. 1.) Defendant moved for summary judgment and Plaintiff has filed no response in opposition despite the Magistrate Judge issuing a *Roseboro* order advising him of the possible consequences of failing to respond and an extension to do so. (Dkt. Nos. 60, 62, 67.) Plaintiff has filed no objection to the recommendation that this action be dismissed for failure to prosecute.

**II.    Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III.  Discussion

Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "Federal Courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995). Plaintiff's lack of response in opposition to Defendant's motion, despite repeat warnings and extension, reflects his intention to no longer prosecute his claims. The Court, therefore, finds that the Magistrate Judge correctly concluded that this matter should be dismissed pursuant to Rule 41(b).

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 71) as the order of the Court and **DISMISSES WITH PREJUDICE** this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 4, 2020
Charleston, South Carolina